PEOPLE v. SZYNKAREK.

INTOXICATING LIQUORS—SEARCH AND SEIZURE—ILLEGAL POSSESSION
—STATUTES.
>This court having decided in People v. Marxhausen, ante,
>559, that the "Damon Act," Act No. 161, Pub. Acts 1917,
>was repealed by the "Wiley Act," Act No. 338, Pub. Acts
>1917, a conviction under the former act of having illegal
>possession of intoxicating liquors, cannot be sustained.

Exceptions before judgment from Oakland; Rockwell, J. Submitted January 17, 1919. (Docket No. 122.) Decided April 3, 1919.

Walter Szynkarek was convicted of violating Act No. 161, Pub. Acts 1917. Reversed, and respondent discharged.

*Charles S. Matthews*, for appellant.

*Glenn C. Gillespie*, Prosecuting Attorney, and *Lee H. Pryor*, Assistant Attorney General, for the people.

STEERE, J. Respondent brings this case here on exceptions before sentence, to review his conviction under an information charging that he—

"On the 7th day of August, 1918, at the township of Lyon in the county of Oakland aforesaid, did at a certain farm dwelling house, owned by him, situated on Grand River avenue, so-called, at the intersection of the dividing line between the townships of Novi and Lyon in said county, then and there occupied by one Frank Richards, who was then and there in the employ of the said Walter Szynkarek as a farm tenant, did bring and carry, and did then and there possess a great quantity of malt, brewed, spirituous and intoxicating liquors, over eight ounces, to wit: three boxes of bottled wine, a quantity of bitters and brandy and

one jug of wine, said liquor not being then and there for use for medical, mechanical, chemical, scientific or sacramental purposes, but for the purpose of being used as a beverage, contrary to the provisions of Act No. 161 of the Public Acts of the State of Michigan of 1917," etc.

For several years previous to May 1, 1918, respondent was engaged in the authorized business of running a saloon where intoxicating liquors were sold, in the city of Detroit. In March, 1918, he purchased a farm in Lyon township, Oakland county, intending, as he states, "to go out on a farm" when the State went dry as it would on the first of May following, when prohibition went into effect pursuant to section 11 of article 16 of our present constitution. On May 1, 1918, when he went out of the saloon business, he moved a quantity of liquor left over from his stock, consisting mostly of beer and wine, to his farm and stored it in a room in the cellar of the dwelling house, locking the door with a padlock to which he alone had a key. He claimed to have done this for the purpose of safely storing the liquor there until it was determined whether he later might lawfully dispose of it, as would be the case if the movement to make sale of beer and wine legal in the State of Michigan prevailed. Up to the time of his conviction he continued to reside in Detroit, with a tenant by the name of Richards upon his farm living in the dwelling house, he visiting the place from time to time. Prior to his arrest he had removed most of these wet goods from his cellar and concealed them in a neighbor's barn, owing, as he testified, to the fact that some men working upon his place had at one time broken into the cellar and got some of the liquor.

On or about August 7, 1918, officers of Oakland county went to respondent's farm in his absence with a search warrant and broke into the locked room in

the cellar where they found and seized some of the goods yet there, following which respondent was pros-ecuted and convicted for having the liquor in his possession, the court instructing the jury,—

"the law is very clear that respondent had no right to possess this liquor, and have it in his possession either in his place of business in Detroit or at his farm residence in the township of Lyon."

It is undisputed that this liquor was a part of respondent's saloon stock which he had bought, taken possession of and owned at a time when it was lawful for him to do so. It is not charged or claimed that he sold or attempted to sell any of it after May 1, 1918. The charge against him is having liquor in his possession in violation of Act No. 161, Pub. Acts 1917, the so-called Damon act, which this court recently held was repealed by the later so-called Wiley act in *People* v. *Marxhausen, ante,* 559, which is controlling in this case.

The judgment is therefore reversed and defendant discharged from his recognizance.

BIRD, C. J., and MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.